

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-83,479-01 & -02

### EX PARTE RICKY JOSEPH MARTINEZ, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 18566-B(1) & 19069-B(1) IN THE 104TH DISTRICT COURT
### FROM TAYLOR COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty without a recommendation from the State to assault and aggravated assault and was sentenced to five and ten years' imprisonment, respectively. The Eleventh Court of Appeals dismissed his appeals. *Martinez v. State*, Nos. 11-14-00203-CR & 11-14-00204-CR (Tex. App.—Eastland Nov. 6, 2014) (not designated for publication).

Applicant contends, among other things, that trial counsel was unprepared and failed to

investigate the aggravated assault charges and present mitigation evidence at the punishment hearing.[1]

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to the above claims. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After reviewing counsel's response, the trial court shall make findings of fact and conclusions of law as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

---

[1]He also contends that counsel was unprepared and failed to investigate the assault charges. We find that this ground is without merit.

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall

be obtained from this Court.


Filed: July 29, 2015
Do not publish